IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CLIFFORD JEROME SMITH, #650784 | § | |
| VS. | § | CIVIL ACTION NO. 5:04cv102 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred the above-entitled and numbered civil action to United States Magistrate Judge Caroline M. Craven.  The Magistrate Judge presented for consideration the Magistrate Judge's Report, containing proposed findings of fact and recommendations for disposition of this case.

Petitioner and Respondent filed objections to the Report.  This Court made a *de novo* review of Petitioner's and Respondent's objections and determined that Petitioner's Objections lack merit.

Respondent's Objections re-assert his argument that Petitioner's claims are time-barred.  In his Answer, Respondent argued that Petitioner's claims were time-barred; however, Respondent assumed that the one-year limitations period began to run from the date that Petitioner's time to seek direct appeal expired.  The Report and Recommendation implicitly rejected Respondent's argument.

In his objections, Respondent points out Petitioner's answers to interrogatories which, prior to transfer to this Court, the United States District Court for the Northern District of Texas ordered Petitioner to answer.  Petitioner's answers state that he has been forced to perform hard labor since the beginning of his stay in TDCJ-CID, starting at the Beto I Unit in December of

1993.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law on April 24, 1996. Title 28 U.S.C. § 2244(d)(1) provides that a one-year statute of limitations for state prisoners' habeas cases shall run from the latest of the following four possible situations:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking direct review (28 U.S.C. § 2244(d)(1)(A));

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action (28 U.S.C. § 2244(d)(1)(B));

(C) the date on which the Supreme Court initially recognized and made retroactively applicable to cases on collateral review a constitutional right asserted (28 U.S.C. § 2244(d)(1)(C)); or

(D) the date on which the factual predicate of the claim(s) presented could have been discovered through the exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)).

Petitioner challenges his being forced to perform hard labor since December of 1993, the latest possible date on which the factual predicate of his claim could have been discovered. Claims that otherwise would be time-barred prior to the April 24, 1996, effective date of AEDPA have one year after the April 24, 1996, effective date of AEDPA in which to file a § 2254 petition for collateral relief. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Petitioner's time to bring his present claim expired on April 24, 1997. Petitioner's state application for writ of

habeas corpus was not filed until March 28, 2003.

This Court finds that the Magistrate Judge's findings and conclusions regarding the merits of Petitioner's petition are correct, and adopts them as the Court's findings and conclusions. In light of Respondent's Objections, this Court also finds that Petitioner's claims are time-barred. The Court therefore

**ORDERS** that Respondent's motion to substitute attorney (dkt#20) is **GRANTED**;

**ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED WITH PREJUDICE**; and

**ORDERS** that all motions not previously ruled on are denied.

**SIGNED this 12th day of October, 2005.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE